UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BENJAMIN WOODHOUSE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 23-cv-01924 (APM) <br> ) |
| META PLATFORMS INC., *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff Benjamin Woodhouse, proceeding *pro se*, brings the instant action against Defendants.[1] For the reasons stated below, the court dismisses the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* at 330. In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008)

---

[1] Defendants are Meta Platforms Inc., Alphabet Inc., Nike Inc., Gibson Dunn & Crutcher Inc., Attorney General Rob Bonta, U.S. Attorney David Harris, Judge Stanley Blumenfeld, Judge Gary Klausner, Judge Christina Snyder, Judge Dean Pregerson, Judge Lawrence Van Dyke, Judge Eric Miller, Judge Mark Bennett, Judge Joanne Osinoff, and Ninth Circuit Clerk Molly Dwyer (each in their official capacity).

(quoting *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–02 (D.D.C. 1975) (noting that "a district court has the power to dismiss a case sua sponte if it is frivolous")).

Here, Plaintiff's Complaint rests on the kind of fantastic and delusional claims that warrant dismissal sua sponte. Specifically, Plaintiff alleges that Defendants operated a "genocide hotel" in Pismo Beach, CA and held "impromptu death trials" in which "close to 3,000 people . . . have been murdered." *See* Compl., ECF No. 1, at 12, 14. Plaintiff also alleges a "full entourage of commandos attempted to breach [Plaintiff's] property and assassinate him from an uninhabited area adjacent to [Plaintiff's] property after helicopter insertion," but "fortunately, [the commandos] inadvertently incinerated themselves with napalm." *Id.* at 20. Moreover, Plaintiff contends that Defendants "imprison[ed] the Chinese Ambassador to the U.S." in order to "stem shoe sales to China, and leverage their coercive behavior against [Plaintiff]." *Id.* at 23. The court is permitted to dismiss a complaint containing such allegations. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Accordingly, upon sua sponte review, this action is dismissed.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: July 13, 2023

Amit P. Mehta
United States District Judge